IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD WAYNE PETERS,
        Petitioner,

v.                                                  Civil Action No. 3:17-CV-52
                                                  (GROH)

MARK WILLIAMSON, Warden,
        Respondent.

## REPORT AND RECOMMENDATION

### I.    Introduction

On May 1, 2017, the *pro se* petitioner filed a Petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. At the time this matter was filed, Petitioner was a State inmate housed at Huttonsville Correctional Center in Huttonsville, West Virginia. The West Virginia Division of Corrections confirms that Petitioner was released from custody on May 8, 2017. The docket sheet reflects that Petitioner's current mailing address is 173 Whispering Pines, Alum Creek, West Virginia, which appears to be a private residence. The West Virginia State Police confirm that on March 15, 2018, Petitioner registered as a sexual offender living at this address. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

### II.    Procedural History

#### A.    Petitioners' Conviction and Sentence

In October of 2012, Petitioner, who was then 62 years old, was indicted in Berkeley County, West Virginia, Circuit Court for three counts of first degree sexual

1

abuse pursuant to West Virginia Code § 61-8B-7, for inappropriately touching the 10 year old granddaughter of his late girlfriend. ECF No. 1-2 at 1. Pursuant to a plea agreement, Petitioner entered a plea of no contest to two counts of first degree sexual abuse and was sentenced to two terms of one to five years of incarceration, to be served consecutively. Id. The third count was dismissed. Id. On March 18, 2013, the Circuit Court sentenced Petitioner consistent with his plea agreement. Id. Petitioner was also required to register as a sexual offender for life and to serve two years of supervised release after his release from incarceration. See Exhibit 1 attached hereto at 2.

**B.** **Petitioner's Direct Appeal**

Petitioner did not appeal his criminal case. ECF No. 1-2 at 2.

**C.** **Petitioner's State Habeas Petitions**

On September 19, 2013, Petitioner filed a pro se petition for habeas corpus with the Circuit Court of Berkeley County, in case number 13-C-670, alleging ineffective assistance of counsel, and that he was coerced into a plea by his counsel. ECF No. 1-2 at 2. Counsel appointed by the circuit court filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Id. Petitioner filed a response on March 21, 2014. Id. On April 14, 2014, the circuit court granted counsel's motion to withdraw and dismissed the petition for habeas corpus. Id. Petitioner appealed the denial to the West Virginia Supreme Court of Appeals, which by memorandum decision issued on April 15, 2015, affirmed the circuit court's order dismissing the petition for habeas corpus. Id. at 4.

2

On March 20, 2015, Petitioner filed a second petition for habeas corpus in the Circuit Court of Berkeley County, in case number 15-C-177. ECF No. 1-3. By order entered June 16, 2015, the Circuit Court summarily dismissed the second petition. Id.

### D. Petitioner's Federal Habeas Petition

In his petition pending before this court, the petitioner raises seven grounds[1] for relief: (1) ineffective assistance of counsel at trial and during his second habeas corpus petition; (2) that there was a "question of guilt upon acceptance of guilty plea"; (3) that his plea was involuntary; (4) that there was an insufficiency of evidence; (5) that his sentence was excessive; (6) that his bond was excessive; and (7) that there was newly discovered and "potentially exculpatory evidence and impeachment evidence". ECF Nos. 1 at 8, 10, 12, 1-1. As relief, Petitioner seeks an order directing the Berkeley County Circuit Court to allow him to withdraw his plea, set a trial date, and appoint counsel. ECF No. 1 at 19.

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[1] The Court notes that page 11 of his court-approved form was missing from his initial filing [ECF No. 1], and despite a Notice of Deficient Pleading [ECF No. 3] which directed Petitioner to refile the missing page, he never did so.

3

## IV. Analysis

The Petitioner, a West Virginia state inmate, filed a habeas corpus claim pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 2241(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This one-year period of limitation begins at the latest of:

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. (emphasis added). Subparts B, C, and D do not apply to Petitioner. Thus, the one-year period of limitations began, as provided by subpart A, when the Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The Petitioner was convicted on January 28, 2013 and sentenced on March 18, 2013. See Exhibit 1 attached hereto. Pursuant to West Virginia Code § 58-5-4 and West Virginia Rule of Criminal Procedure 37(b)(3), an appeal must be filed within four months from the date of judgment. Thus, the Petitioner's deadline to appeal was May 28, 2013—four months after his conviction. The Petitioner did not appeal his conviction.

4

Instead he filed two petitions for habeas corpus in State court, and appealed one of those petitions to the Supreme Court of Appeals of West Virginia[2]. Nearly four years later, Petitioner filed the instant petition for habeas corpus on May 1, 2017.

This Court lacks jurisdiction because Petitioner's claim is untimely. In <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because the petition is untimely, pursuant to the plain language of 28 U.S.C §§ 2244, 2254, this court has no jurisdiction to entertain the petition.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to

---

[2] Even if the Court considered the date of final judgment in Petitioner's state habeas claims as the conclusion of direct review, Petitioner is still untimely. The second of Petitioner's state habeas claims was filed March 20, 2015, more than two years prior to the filing of this petition. That second state habeas claim was summarily dismissed June 16, 2015, twenty-two months before the filing of this petition.

5

appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 20, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

v.

CASE NO. 12-F-286
Judge Wilkes, Division II

RICHARD PETERS
Date of Birth: ███/1949
Social Security No. ███████
  *Defendant.*

### SENTENCING ORDER

THIS MATTER came on for a sentencing hearing on the 18th day of March, 2013. The State of West Virginia appeared by Timothy D. Helman, Assistant Prosecuting Attorney for Berkeley County. The Defendant appeared in person and with counsel, Brett Basham, of the Public Defender Corporation.

The Court noted that the Defendant previously pleaded no contest to two (2) felony counts of Sexual Abuse in the First Degree on or about January 28th, 2013. The Court has received the presentence investigation report (PSI) and is prepared to sentence the Defendant today. Both the State and Counsel for the Defendant stated that they have received and reviewed the PSI and that there were no material alterations requested.

The Court then heard argument as to sentencing.

After both parties had a full and fair opportunity to be heard, the Court inquired of the State, the Defendant, and the Defendant's counsel if there was any just or legal cause why sentence should not now be pronounced. With no just or legal cause to the contrary being shown, the Court proceeded to sentencing.

It is therefore **ORDERED** that upon the Defendant's conviction of two (2) felony counts of Sexual Abuse in the First Degree, in violation of W. Va. Code § 61-8B-7(a)(3), the

CRIMINAL ORDER BOOK NO. 207
PAGE 527
DATE 4-19-13

c: PA
PO
PD
DOC
ERS
BKP
4-19-13

Defendant is hereby sentenced to the statutory one to five (1-5) years incarceration in the penitentiary house of this state for each count. These sentences shall run consecutively.

It is further **ORDERED** and **ADJUDGED** that the Defendant's effective date of sentencing is May 8, 2012.

It is further **ORDERED** and **ADJUDGED** that the Defendant shall serve two (2) years of supervised release after his release from the penitentiary.

It is further **ORDERED** and **ADJUDGED** that the Defendant shall register as a sexual offender for the remainder of his life.

It is further **ORDERED** and **ADJUDGED** that the Defendant shall pay Court costs within one year of his release from incarceration.

The Court then advised the Defendant of his appeal rights, as is more fully shown on the record, with the Public Defender Corporation appointed for any appeal purposes.

The objections of the Defendant to any adverse rulings contained herein are noted.

The Defendant is hereby **REMANDED** to the Eastern Regional Jail while awaiting transfer of custody to the West Virginia Division of Corrections.

This matter is now concluded and shall be retired from the Court's active docket. The Clerk shall enter this order as of the day and date first above written and transmit attested copies to all counsel of record, and to Probation.

THE HONORABLE CHRISTOPHER WILKES
BERKELEY COUNTY CIRCUIT JUDGE

Order prepared by

Timothy D. Helman, Esq
Assistant Prosecuting Attorney
West Virginia Bar No. 9669